IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2009

**MICHAEL JOSEPH GRANT v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Bradley County**
**No. 08-585     Carroll L. Ross, Judge**

_____

**No. E2009-00311-CCA-R3-PC - Filed March 18, 2010**

_____

The petitioner, Michael Joseph Grant, appeals the summary dismissal of his petition for writ of error coram nobis. The petitioner claims the trial court should have held an evidentiary hearing and allowed evidence of witness statements that would have impacted the outcome of the proceedings. We conclude the writ of error coram nobis upon this record is not available to the petitioner because he pled guilty. The summary dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., joined. JAMES CURWOOD WITT, JR., J., not participating.

Michael Joseph Grant, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Robert Steve Bebb, District Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 8, 2007, the petitioner entered a plea of guilty to one count of aggravated burglary and one count of theft for which he received an effective four-year suspended sentence. On January 31, 2008, the petitioner was taken into custody for violation of probation. On March 3, 2008, his probation was revoked. Shortly thereafter, the petitioner's paramour contacted one of the State's witnesses, Kenneth Croft, who later executed a written statement claiming that the investigating detective misled him when he signed a statement for the police accusing the petitioner of the crime. The alleged statement also claimed that Mr. Croft did not know the petitioner when he gave his statement to the police.

The petitioner filed a *pro se* petition for post-conviction relief on June 4, 2008. The petition was dismissed without a hearing on July 11, 2008. The petitioner filed a notice of appeal on August 11, 2008, and filed for a stay of his appeal to file a petition for writ of error coram nobis relief on September 29, 2008. This court denied his motion for a stay of appeal. The petitioner filed his petition for error coram nobis on October 1, 2008. In his petition for relief, he argued that he was in possession of subsequently discovered evidence in the form of statements by two of the State's witnesses, Kenneth and Lynn Croft, which alleged that the detective who investigated his case "used deceptive methods to manufacture statements." He further alleged that the detective committed aggravated perjury in front of the grand jury to obtain the underlying indictments. The State filed an answer to the error coram nobis petition on November 17, 2008, and argued that the petitioner waived his right to error coram nobis relief because he entered a plea of guilty. The petitioner claims he did not receive the State's answer although a certificate of service was executed. The trial court dismissed the error coram nobis petition on December 10, 2008. On January 7, 2009, the petitioner filed a motion for relief of final judgment pursuant to Tennessee Rules of Civil Procedure 60.02, which was thereafter dismissed. On February 11, 2009, he filed a notice of appeal. The petitioner claims that he received a copy of the court's record on April 27, 2009, at which time he saw the State's answer to his petition for writ of error coram nobis for the first time. On December 1, 2009, this court granted the petitioner post-conviction relief and remanded his post-conviction appeal for appointment of counsel and an evidentiary hearing. *Michael J. Grant v. State*, No. E2008-02161-CCA-R3-PC, 2009 Tenn. Crim. App. LEXIS 974, at *1 (Tenn. Crim. App. at Knoxville, Dec. 1, 2009).

Analysis

In this appeal, the petitioner argues that the error coram nobis court improperly dismissed his petition without granting him an evidentiary hearing. He contends that he should have been allowed to present his alleged newly discovered evidence, the testimony of Kenneth and Lynn Croft. The State makes a two pronged response to the petitioner's argument. First, the State argues that the petitioner's appeal should be dismissed as untimely. Second, the State contends that error coram nobis relief is not available for a conviction entered by a guilty plea.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105 (1997); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995), *perm. to appeal denied* (Tenn. 1995). However, the writ is an exceedingly narrow remedy appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown, and had it been known to the court, it would have prevented the rendition of the judgment. T. C. A. § 40-26-105; *Hart*, 911 S.W.2d at 374. Hence, the writ will lie for subsequently or newly discovered evidence if the petition

relates: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Hart*, 911 S.W.2d at 374.

The record reflects that the petitioner has been active in filing various motions, petitions, and appeals during his incarceration. The trial court dismissed the petitioner's request for a writ of error coram nobis on December 10, 2008. On January 7, 2009, the petitioner filed a motion for relief from judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure, not a notice of appeal. The motion for relief from judgment was denied on January 12, 2009. He did not file a notice of appeal from the December 10, 2008, judgment until February 11, 2009. The State argues that his notice of appeal was not timely and should be dismissed because a motion for relief from judgment under Tennessee Rule of Civil Procedure 60.02 is not a motion that tolls the time for filing a notice of appeal. *See* Tenn. R. App. P. 4(b), (c). We will waive the timeliness requirement in the interest of justice, though we agree with the State that the motion for relief from judgment does not waive the timeliness requirement.

In *Newsome v. State*, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998), this court addressed whether a defendant convicted by guilty plea may set aside the plea through an error coram nobis petition. This court concluded that a defendant who entered a plea of guilty could seek error coram nobis relief on the limited basis that the plea was unknowing or involuntary. To succeed, the petitioner must "present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." *Id.* at 134. "An otherwise valid guilty plea does not become involuntary merely because it is induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." *Id.* The defendant's own admission is that he entered a plea of guilty because the assistant district attorney gave him a plea offer of four years and said that he would seek a ten-year-sentence if they went to trial. The defendant has not met his burden of demonstrating that his plea was entered involuntarily or unknowingly. Therefore, he does not meet the narrow standard for error coram nobis relief as set forth in *Newsome*.

Further review of Tennessee Code Annotated section 40-26-105 indicates that error coram nobis relief lies only "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T. C. A. § 40-26-105. The language of the statute suggests that a defendant who avoids trial by pleading guilty cannot necessarily meet this standard.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the error coram nobis court.

_____
JOHN EVERETT WILLIAMS, JUDGE